Ratixe, J.
The right of the plaintiff to a decree that the heirs at law of Tbaddous W. Whitley shall execute to the heir at law of her deceased husband Bryan Smith, a conveyance for the tract-of land mentioned in the pleadings, for the purchase of which there, had been a contract, in the lifetime of the parties, and that she may have dower therein, is undoubted. It is equally clear that she can not have a decree for the specific execution of the contract made between her husband .and herself, to have the said tract or any other tract of land or negroes of equivalent ■value, settled upon her in consideration of the price of the laud sold under the circumstances mentioned in the bill. The contract which she made with her husband was by parol, and therefore void by the statute of frauds, (Rev. Code, ch. 10, sec. 11), so far at least as a specific execution is sought to he enforced. But, we think, the wile is entitled under the contract to .the proceeds of her land which was sold in consequence of it, subject to the interest which her husband as such, had in the land. It is well settled ' that S, husband may, after marriage, make gifts or presents to his wife which will he supported 1» equity against himself and his representatives. Lucas vs. Lucas 1 Atk. Rep. 270, Garner vs. Garner Busb. Eq. 1, Atherley on Mar. Set. 331. If a promise made, without a valuable consideration, toa wife, though imperfectly executed, will he enforced- *32 ■against Ms personal .representatives after his death where. his intention had remained unaltered until that event, much more ought it to be enforced Where she stands in the. position of purchaser of the intended benefit for a fall and fair value. See Adams Eq. 97.
The only question about which there can be any doubt, isas to the amount to which the wife is entitled. After giving to the argument of her counsel that attention to Which for its ability and ingenuity it Is entitled, and'after mature deliberation 'on the subject, we are of opinion that she can not claim the whole price of her land, with interest from the death of her husband, but that the sum due her must he estimated upon the following principles. The contract for the settlemem upon her of land or slaves, being made void.b.v the statute of frauds, must be put entirely aside, bo far as it entitles her to the money for which her land was sold, the contract must be considered in tMs court as having been executed at the time when the price of the land was received by herhusband : and as he had an interest for life in the land as tenant by the curtesy, he had the sime interest in the proceeds of the sale. Tvo relative value of hi.» interest and' 1 sirs must be ascertained as of Ibas time, and as the facts then existed, otherwise the maxim in equity that what ought to have been, done, will bo considered as done will be violated. See Adams Eq. fbj. When the amount to which the wife is entitled is thus ascertained, she will he entitled to it, increased by the interest thereon from the time it came into the hands of her husband.
The argument against this mode of estimating the relative rights of the*tonant for life and the owner of the reversion, founded upon the idea that' it is better to make calculations upon certain and ascertained facts, than upon •uncertain and contingent events,_ will be found in practice *33 more'plausible than just. Suppose the owner for life of a valuable male slave, were to agree with the owner of the ulterior interest, to have him sold for the purpose of dividing the proceeds according to their respective ownerships, and the life tenant should die a week after the sale, would it be a just and fair execution of their agreement, to give his personal representative nothing, or next to nothing ? The death of the life tenant in so short a time, was certainly not within the contemplation'of- the partios, and therefore ought not to control a division which was intended to.be made between living men, having each his chance for a long or a short life. At. the time when the contract was made, it is manifect ^fchat the interest of the life tenant of such a slave would be regarded as nearly his whole value, and it must be presumed that the parties had refer-enee to that in making their agreement for a sale. Such being the case, subsequent events can not fairly be allowed to change the principle upon which their contract was founded. The true rule is, -whrt we have above indicated, and the plaintiff may have a dectee for the value of her interest in the price of her land, ascertained according to that rule.